Bonded Certificate Corporation, complainant-respondent,

*v.*

Annie B. Wildey et al., defendants; William J. Moore and Anna Stevenson, petitioners-appellants; Jerry Del Percio, Mary Del Percio and Frank Del Percio, respondents.

[Argued October 25th, 1945.   Decided January 31st, 1946.]

Mr. *Louis Bossle,* for the appellants.

Mr. *Saul A. Wittes,* for the complainant-respondent.

Mr. *Frank M. Lario,* for the respondents Jerry Del Percio et al.

The opinion of the court was delivered by

Perskie, J.

This is a tax foreclosure case.   The question for decision is whether appellants were properly decreed to have been foreclosed of their right of redemption.   We do not think so.

On April 16th, 1931, a writing, in form of a lease but in effect an agreement of sale, was executed between Annie B.

Wildey, then the owner of a two and one-half story frame building on a lot 100 by 200 feet in the borough of Somerdale, Camden County, New Jersey, and Jerry Del Percio. By this writing Del Percio was given an option to purchase the property for $2,200. Payments under that agreement were made at all times to a real estate agent for the owner. On November 4th, 1931, over six months after the signing of the agreement, Annie B. Wildey died leaving as her sole heir a daughter, Elva J. Moore who on December 14th, 1940, was committed to a mental institution in Philadelphia from which thirty days later she was transferred to another similar institution in Byberry, where, on May 13th, 1944, she died, leaving her surviving her children and heirs-at-law, the appellants here.

In the meantime the property in question was sold for 1934 taxes amounting in all to $161.20. The complainant, part of whose activities consist of buying and foreclosing tax sale certificates, bought the certificate in question and on February 17th, 1943, filed a bill to foreclose. The defendants named in the bill were Annie B. Wildey, then long since dead, her husband, also long since dead, the State of New Jersey and the unknown heirs and personal representatives of Annie B. Wildey. Some inquiry was made to discover the whereabouts of the absent and unknown defendants although no inquiry was made on the premises, nor was information sought from the real estate agent in charge thereof, who knew all the facts, and the whereabouts of the heirs of Annie B. Wildey. No answer was filed although the present female appellant did receive two notices addressed to her grandmother and grandfather both of whom were dead, and did discuss the notice with her brother, the other appellant here. This notice was received in April of 1943. A final decree was entered on September 8th, 1943. Three days later, on September 11th, 1943, complainant sold the premises to the Del Percios, then in possession thereof, for $1,805.50, $355 of which was paid in cash and the balance by purchase-money mortgage.

The present appellants gained knowledge of the sale on November 6th, 1943. Redemption negotiations were begun.

The negotiations were unsuccessful and culminated in the filing, on September 8th, 1944, a year after the decree, of a petition to open the final decree and for redemption.

The Vice-Chancellor advised an order dismissing the petition upon the ground that the statute, R. S. 54:5–87, precluded an application to reopen after three months from the date of the final decree, and this notwithstanding that the Vice-Chancellor was satisfied that the inquiry made pursuant to Chancery rule 37 was insufficient. A petition for reargument was denied. Hence this appeal.

We are entirely in accord with the decision below that the inquiry here made was insufficient. Care and diligence required, we think, an inquiry from those in possession of the premises. Indeed such an inquiry if made in this case, would or at least, should, have led complainant to the real estate agent in charge of the premises who, as indicated, knew all the facts and circumstances. Only such an inquiry can satisfy the basic requirement of due process. The proper defendant here, Elva C. Moore, was an incompetent. She was entitled to the protection of a guardian and to notice of the proceedings. Her whereabouts and condition were readily ascertainable, and the failure, in the circumstances, to locate her and advise her of the proceedings, taint the final decree. *Hinners* v. *Banville, 114 N. J. Eq. 348; 168 Atl. Rep. 618.*

Nor do we conceive the statute to be a bar to the relief sought. We find no occasion to consider whether R. S. 54:5–87 and R. S. 2:29–33 are *in pari materia* because we are satisfied that the time limitation imposed by the former enactment relates only to defendants who are properly before the bar of the court, whether by personal service, or in case of non-residents, by publication after due inquiry. Here there was no personal service and, as already observed, a wholly insufficient inquiry. Any other construction of the statute would effect a deprivation of property without due process of law by taking property from an owner never properly notified of the institution of proceedings by the sometimes too simple expedient of allowing three months to pass after final decree. With us, the race is to the just, not the swift.

We find no merit in any of the arguments advanced in support of the decree and pause to observe that appellants were not, in our opinion, guilty of laches. Their individual rights accrued only after their mother died on May 17th, 1944. They ascertained what happened on November 6th, 1943, and their conduct from that time exhibited no unreasonable delay.

The order below is reversed, with costs, and the cause is remanded to the court below there to be treated consistently with the views expressed in this opinion.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Colie, Oliphant, Wells, Rafferty, Dill, Freund, McGeehan, JJ. 14.